# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 17-1889V
Filed: September 20, 2019
UNPUBLISHED

| | |
|---|---|
| KATHLEEN M. LESLEY,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs; Hourly Rates |

*Glen Howard Sturtevant, Jr.*, Rawls Law Group, Richmond, VA, for petitioner.
*Althea Walker Davis*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

      On December 6, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") resulting from an influenza ("flu") vaccination she received on September 1, 2016, and that she suffered the residual effects of this injury for more than six months. Petition at 1, 6.

      On July 19, 2019, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. ECF No. 32.

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On August 7, 2019, petitioner filed a motion for attorneys' fees and costs. ECF No. 36. Petitioner requests attorneys' fees in the amount of $15,480.70 and attorneys' costs in the amount of $1,189.94. *Id.* at 4. In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses. ECF No. 36-3. Thus, the total amount requested is $16,670.64.

On August 13, 2019, respondent filed a response to petitioner's motion. ECF No. 37. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 requires respondent to file a response to a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully requests that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

Petitioner filed no reply.

The undersigned has reviewed the billing records submitted with petitioner's requests and finds a reduction in the amount of fees to be awarded appropriate for the reason listed below.

### I.     **Legal Standard**

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. at 482, 484 (1991). She "should present adequate proof [of the attorneys' fees and costs sought] at the time of the submission." *Id.* at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S., at 434.

## II. Attorney Fees

### A. Hourly Rates

#### i. Glen Howard Sturtevant

Petitioner requests the rate of $315 per hour for 2017, $326 per hour for 2018 and the rate of $349 for 2019 for work performed by attorney Glen Sturtevant. Mr. Sturtevant was previously awarded the rates of $315 for 2017 and $326 for 2018 and they are awarded herein. Although Mr. Sturtevant's requested 2019 rate of $349 per hour is within his appropriate experience rate, he was previously awarded the rate of $339 for 2019. *Kovtun v. Sec'y of Health & Human Servs.,* No. 18-0296V, slip op. at 34 (Fed. Cl. Spec. Mstr. May 30, 2019). The undersigned reduces the requested rate for 2019 to the previously awarded rate, reducing the request for attorneys' fees in the amount of **$93.00**.[3]

#### ii. Paralegal Rates

The paralegals of Rawls Law Group billed at the hourly rate of $145 for time billed in 2017, $152 per hour for 2018. These rates have been previously awarded to the paralegals and are awarded herein. The requested rate of $159 per hour for 2019 exceeds the range for paralegals for 2019. The undersigned reduces the paralegal rates for 2019 to $156 per hour, reducing the request for attorneys' fees in the amount of **$10.20**.[4]

## III. Attorney Costs

Petitioner requests reimbursement for attorney costs in the amount of $1,189.94. After reviewing petitioner's invoices, the undersigned finds no cause to reduce petitioner's' request and awards the full amount of attorney costs sought.

## IV. Conclusion

Based on the reasonableness of petitioner's request, the undersigned **GRANTS IN PART** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $16,567.44[5] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Glen Howard Sturtevant, Jr.**

---

[3] This amount consists of $349 - $339 = $10 x 9.3 hrs = $93.00.

[4] This amount consists of $159 - $156 = $3 x 3.4 hrs = $10.20.

[5] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.

The clerk of the court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.